**MEIQI YUAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–72514.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 14, 2009.*

Filed July 22, 2009.

Wei Vicky Wang, Esq., Law Offices of Wei Vicky Wang, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Matthew L. Stennes, Esq., U.S. Department of Justice, Crim. Division/Office of Special Investigation, Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Meiqi Yuan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and review de novo due process claims, *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932 (9th Cir.2007). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001); *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir.2005). In the absence of credible testimony, Yuan has failed to establish that she is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Yuan's CAT claim is based on the same evidence the agency found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if returned to China, her CAT claim fails. *See id.* at 1157.

The record does not support Yuan's claim that the IJ acted as a prosecutor rather than as a neutral fact-finder, thereby violating her due process rights. *See Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir.2004).

Finally, we reject Yuan's claim that the BIA violated her due process rights by requiring corroboration, because the BIA's other findings were dispositive. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.